UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ALVIN BUCHANAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-00181-JPH-MJD |
| | ) | |
| MS. PURDUE, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**Order Granting Motion for Extension of Time to File a Belated Amendment Complaint, Screening Complaint, and Directing Issuance and Service of Process**

### I. Motion for Extension of Time

The plaintiff's motion for extension of time, dkt. [13], is **granted**. The **clerk is directed** to re-docket the proposed amended complaint, dkt. [13-1], as the amended complaint. The date filed shall be March 12, 2020. The amended complaint is now the operative complaint in this action.

### II. Screening the Amended Complaint

Plaintiff Alvin Buchanan is a prisoner currently incarcerated at Putnamville Correctional Facility. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his amended complaint before service on the defendants.

#### A. Screening Standard

Pursuant to 28 U.S.C. § 1915A(b), the court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

### B. The Amended Complaint

Mr. Buchanan brings this action under 42 U.S.C. § 1983. The incidents underlying Mr. Buchanan's complaint occurred while he was incarcerated at Correctional Industrial Facility (CIF). He names four defendants: (1) Hearing Officer Purdue; (2) Warden Wendy Knight; (3) Captain Ridgeway; and (4) Ms. Greathouse. He seeks monetary damages and injunctive relief.

Mr. Buchanan alleges that Hearing Officer Purdue and Warden Wendy Knight refused to dismiss his conduct report for "time frame procedural errors" even though they dismissed the conduct reports for similarly situated inmates on that basis. Dkt. 13-1 at 2. He alleges that he "is a protected class of person" who has the same rights as any other inmate who is designated "PRC," which mends "pending reclassification." *Id.* at 3.

Mr. Buchanan also alleges that Ms. Greathouse filed the conduct report in retaliation for Mr. Buchanan exercising his First Amendment right to freedom of speech. He contends that she then used the conduct report as a basis for firing Mr. Buchanan from his prison employment.

Although Mr. Buchanan states that he "is not in any way challenging the [disciplinary hearing] sanctions, convictions or the like," dkt. 13-1 at 3, he raises several arguments against his disciplinary conviction for sexual harassment, *see* dkt. 13-1 at 4-6. He states that he could not challenge his disciplinary conviction by filing a petition under 28 U.S.C. § 2254 because he did not lose good time credit.

### C. Analysis

#### 1. Claims Against Captain Ridgeway

"Individual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983)). Although Mr. Buchanan names Captain Ridgeway as a defendant, he makes no factual allegations against him. Accordingly, all claims against Captain Ridgeway are **dismissed for failure to state a claim upon which relief can be granted**.

#### 2. Equal Protection Claims

The Fourteenth Amendment's Equal Protection Clause "is most familiar as a guard against state and local government discrimination on the basis of race, national origin, sex, and other class-based distinctions" *Geinosky v. City of Chicago*, 675 F.3d 743, 747 (7th Cir. 2012). However, it also protects individuals against "purely arbitrary government classifications, even when a classification consists of singling out just one person for different treatment for arbitrary and irrational purposes." *Id.* To state a "class-of-one" equal protection claim, a litigant must allege "that he was 'intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *Id.* (quoting *Engquist v. Oregon Dep't of Agric.*, 553 U.S. 591, 601 (2008)). Mr. Buchanan's Fourteenth Amendment equal protection claims **shall proceed** against Warden Wendy Knight and Hearing Officer Purdue.

#### 3. Due Process Claims

To the extent Mr. Buchanan's complaint can be read to assert challenges to his disciplinary hearing proceedings and his conviction for sexual harassment, he cannot bring a § 1983 action against the disciplinary proceeding officials until his disciplinary conviction has been vacated.

*Heck v. Humphrey*, 512 U.S. 477, 489 (1994) ("[A] prisoner . . . has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the writ of habeas corpus."). Mr. Buchanan has not alleged that his disciplinary conviction has been vacated. Thus, his Fourteenth Amendment due process claims are **dismissed for failure to state a claim upon which relief can be granted**.

   4. *Retaliation Claims*

To state a First Amendment retaliation claim, Mr. Buchanan must allege that: (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity; and (3) the protected activity he engaged in was at least a motivating factor for the retaliatory action. *Archer v. Chisholm*, 870 F.3d 603, 618 (7th Cir. 2017) (citing *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009); *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). Mr. Buchanan has alleged facts sufficient to state a First Amendment retaliation claim. His First Amendment retaliation claim **shall proceed** against Ms. Greathouse.

   D. Issuance and Service of Process

The **clerk is directed**, pursuant to Federal Rule of Civil Procedure 4(c)(3), to issue process to defendants (1) Warden Wendy Knight; (2) Hearing Officer Purdue; and (3) Ms. Greathouse in the manner specified by Rule 4(d). Process shall consist of the amended complaint, dkt. [13-1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

### III. Conclusion

In conclusion, Mr. Buchanan's motion for extension of time, dkt. [13], is **granted**. The amended complaint, dkt. [13-1], is now the operative complaint.

Mr. Buchanan's Fourteenth Amendment equal protection claims **shall proceed** against Warden Wendy Knight and Hearing Officer Purdue. His First Amendment retaliation claim **shall proceed** against Ms. Greathouse.

Mr. Buchanan's claims against Captain Ridgeway are **dismissed**. Mr. Buchanan's Fourteenth Amendment due process claims are **dismissed**.

These are the viable claims identified by the Court. If Mr. Buchanan believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through May 18, 2020,** in which to identify those claims.

The **clerk is directed** to terminate Captain Ridgeway as a defendant on the docket.

**SO ORDERED.**

Date: 4/16/2020

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ALVIN BUCHANAN
168597
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Electronic Service to the following IDOC employees (all at Correctional Industrial Facility):
    Warden Wendy Knight
    Hearing Officer Purdue
    Ms. Greathouse